Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

_____ Division

FILED
JAN 31 2025
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____ , DEPUTY

Raymond Eugene Baldwin III

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Global Lending Services, LLC

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

Case No. CIV-25-121-D
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ✔ Yes ☐ No

## Amended COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Raymond Eugene Baldwin III |
| Street Address | 300 Showalter Dr. |
| City and County | Midwest City, Oklahoma County |
| State and Zip Code | State of Oklahoma  73110 |
| Telephone Number | (405) 517-5803 |
| E-mail Address | atomiccontrol@gmail.comm |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
  Name                         Global Lending Services, LLC
  Job or Title *(if known)*
  Street Address               1200 Brookfield Blvd., Suite 300
  City and County              Greenville, Greenville County
  State and Zip Code           State of South Carolina  29607
  Telephone Number             (866) 464-0269
  E-mail Address *(if known)*

Defendant No. 2
  Name
  Job or Title *(if known)*
  Street Address
  City and County
  State and Zip Code
  Telephone Number
  E-mail Address *(if known)*

Defendant No. 3
  Name
  Job or Title *(if known)*
  Street Address
  City and County
  State and Zip Code
  Telephone Number
  E-mail Address *(if known)*

Defendant No. 4
  Name
  Job or Title *(if known)*
  Street Address
  City and County
  State and Zip Code
  Telephone Number
  E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question        [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
15 U.S.C. 1692d, 18 U.S.C 894, 18 U.S.C. 1589, 18 U.S.C. 1595, 18 U.S.C. 1595A, 22 U.S.C. 7102, 28 U.S.C. 1367, 28 U.S.C. 1391,

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

       The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation

       The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

       The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

      b.    If the defendant is a corporation

          The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

          Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

   3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

The amount specified includes monetary damages for time taken, for research and gestures of good faith, in relation to the complaint. The amount in controversy is $250,000.00

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

COMES NOW, person Raymond Eugene Baldwin III ("Mr. Baldwin" or "Plaintiff"), files this complaint against Defendant Global Lending Services, LLC ("GLS" or "Defendant"), and alleges, upon information and belief, that the Defendant is unjustly attempting to collect funds no longer owed by the Plaintiff. The Plaintiff alleges that the attempts have also escalated to extortionate means to achieve that end. Attached to this document will be a memorandum fully outlining the matters of allegations in greater detail. Due to its addition to this template, no signatory elements will be contained at the end. This is merely to facilitate a better flow of information in this document.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1. Discharge the debt as per 12A O.S. 12A-3-603. 2. Do not repossess the vehicle. If it gets repossessed, return it back to the Plaintiff in no less than the same condition it was repossessed in. This includes added accessories that were present at the time of repossession. 3. Remove Lien from the Title as per normal procedures after a payoff of a loan. 4. Pay the Plaintiff $250,000.00 (Two-Hundred and Fifty Thousand Dollars) in Federal Reserve Notes. This is to cover emotional damages, lost wages, and other funds expended during the research and actions of these proceedings. 5. Remove any negatively impacting remarks from Plaintiff's credit report related to this account. This will help restore the credit reputation of the Plaintiff.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 01/30/2025

Signature of Plaintiff
Printed Name of Plaintiff   Raymond Eugene Baldwin III

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

# Memorandum Of Claim

## I. Introductory Statement

The following document is attached to fully outline the elements of the claim being filed. It is done so due to the limited formatting and length options provided by the Oklahoma Western District Court template for Pro Se litigants, which is found on their website. The information contained herein is true and correct, at the time of drafting, based on the belief and perspective of the Plaintiff.

## II. General Factual Allegations

1. 28 U.S.C. §1367 allows for State level statutes to be introduced via supplemental jurisdiction.

2. Raymond Eugene Baldwin III is the human being representing the *ens legis* person RAYMOND EUGENE BALDWIN III. For purposes of these proceedings, it includes any derivatives of said *ens legis* name related to matters with GLS.

3. Raymond Eugene Baldwin III had a contract which involved GLS.

4. Raymond Eugene Baldwin III was identified as RAYMOND BALDWIN in the contract with GLS.

5. Raymond Eugene Baldwin III had a loan payment plan with GLS.

6. Raymond Eugene Baldwin III had an account (numbered 2000726308) with GLS.

7. Raymond Eugene Baldwin III started making payments, via Electronic Funds Transfer ("EFT"), as per the contractual agreement.

8. Raymond Eugene Baldwin III noticed that the contract stated, "Federal law and the law of the state of Oklahoma apply to this contract."

9. Raymond Eugene Baldwin III researched Oklahoma Statute 12A.

10. Oklahoma Statute 12A is the equivalent of the Uniform Commercial Code (U.C.C.) for the State of Oklahoma.

11. Raymond Eugene Baldwin III utilized Oklahoma Statute 12A, particularly §12A-3-101 through §12A-3-605, to understand negotiable instruments.

12. Raymond Eugene Baldwin III tendered an indorsed draft along with a letter of instruction to GLS.

13. The indorsed draft meets the definition of a negotiable instrument under 12A O.S. §12A-3-104.

14. The letter of instruction specified how the negotiable instrument, an indorsed draft, was to be redeemed for Federal Reserve Notes.

15. The letter of instruction outlined that it was intended to pay off the debt owed, at the time of drafting.

16. The instrument and letter were received and accepted by GLS, via Certified Mail, on November 17, 2024, in accordance with 12A O.S. §12A-3-409.
17. The letter of instruction attempted to illustrate the applicable State Statutes to GLS, along with the U.C.C., that applied to the situation.
18. GLS did not honor the instrument.
19. GLS did not follow the instructions contained in the letter of instruction.
20. GLS did not properly dishonor the instrument.
21. Raymond Eugene Baldwin III assumed the tender of payment to be refused.
22. Raymond Eugene Baldwin III expected GLS to properly discharge the debt per 12A O.S. §12A-3-603.
23. GLS continued to attempt to collect payments, without referencing the instrument they had accepted.
24. Raymond Eugene Baldwin III sent another letter with more details and supporting documents to GLS on December 20, 2024.
25. Raymond Eugene Baldwin III received a Notice of Default from GLS on December 20, 2024.
26. Raymond Eugene Baldwin III made several phone calls to attempt correction of the situation.
27. GLS threatened to send the account into repossession if they do not receive payment.

28. Raymond Eugene Baldwin III sent an Affidavit of Dispute to GLS to reiterate the situation, on January 17, 2025 via Certified Mail.

29. Oklahoma Statute 12A §12A-3-310 outlines that the obligation should have been suspended, "...to the same extent the obligation would be discharged if an amount of money equal to the amount of the instrument were taken..."

30. Raymond Eugene Baldwin III assumed that if an obligation is suspended, then the associated debt collection attempts were to be suspended as well, in their entirety, including repossession.

31. Raymond Eugene Baldwin III believes that payment was accepted on November 17, 2024.

32. Raymond Eugene Baldwin III tried to contact GLS regarding the affidavit that was sent.

33. Raymond Eugene Baldwin III was not able to get in touch with the escalations department until January 23, 2025.

34. Raymond Eugene Baldwin III sent a copy of the affidavit via email on January 23, 2025 after being able to recognize the correct email address to send it to.

35. GLS sent an email on January 24, 2024, stating, "If payment is not received within four days, your account will be assigned for repossession."

36. Black's Law Dictionary (6th Edition) defines payment as, "…the performance of a duty, promise, or obligation, or discharge of a debt or liability, by the delivery of money or other value by a debtor to a creditor, where the money or other valuable thing is tendered and accepted as extinguishing debt or obligation in whole or in part."

37. Black's Law Dictionary (6th Edition) defines performance as, "The fulfillment or accomplishment of a promise, contract, or other obligation according to its terms, relieving such person of all further obligation or liability thereunder."

38. Black's Law Dictionary (6th Edition) defines refusal as, "…the declination of a request or demand, or the omission to comply with some requirement of law, as the result of a positive intention to disobey."

39. Black's Law Dictionary (6th Edition) defines tender as, "An offer of money." And continues with, "Tender, though usually used in connection with an offer to pay money, is properly used in connection with offer of property or performance of duty other than payment of money."

40. Black's Law Dictionary (6th Edition) defines peonage as, "A condition of servitude (prohibited by 13th Amendment) compelling persons to perform labor in order to pay off a debt."

41. Black's Law Dictionary (6th Edition) defines labor as, "Work; toil; service; mental or physical exertion."

42. Black's Law Dictionary (6th Edition) defines extortion as, "The obtaining of property from another induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right."

43. Black's Law Dictionary (6th Edition) defines compel as, "To urge forcefully; under extreme pressure. Word "compel" as used in constitutional right to be free from being compelled in a criminal case to be a witness against one's self means to be subjected to some coercion, fear, terror, inducement, trickery or threat--either physically or psychologically, blatantly or subtly; the hallmark of compulsion is the presence of some operative force producing an involuntary response."

44. Black's Law Dictionary (6th Edition) defines servitude as, "The state of a person who is subjected, voluntarily or otherwise, to another person as his servant."

45. 18 U.S.C. §1589 thoroughly outlines what constitutes as forced labor.

46. 15 U.S.C. §1692d thoroughly outlines harassment or abuse as it applies to debt collectors.

47. 15 U.S.C. §1692g thoroughly outlines validation of debts as it applies to debt collectors.

48. 22 U.S.C. §7102 defines debt bondage as, "The term "debt bondage" means the status or condition of a debtor arising from a pledge by the debtor of his or

her personal services or of those of a person under his or her control as a security for debt, if the value of those services as reasonably assessed is not applied toward the liquidation of the debt or the length and nature of those services are not respectively limited and defined."

49. 12 C.F.R. §215.3 thoroughly defines the term "Extension of Credit" as it will be used herein.

50. Raymond Eugene Baldwin III had many phone calls with agents at different levels of GLS.  The contents of those calls is assumed, by the Plaintiff, to be hearsay unless GLS can provide the recordings of those calls.

### III. Count One – Violation of 18 U.S.C. §894 - Collection of Extensions of Credit By Extortionate Means

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

52. Plaintiff properly performed on the contract with the Defendant.

53. Plaintiff asserts that such performance has paid the debt in full.

54. Defendant has not performed on their contractual nor statutory obligations as expected by the Plaintiff.

55. Plaintiff has sent multiple forms of correspondence as an attempt to enforce proper action from the Defendant.

56. Defendant still continues to try to collect extension of credit.

57. Defendant believes that the Plaintiff still owes proper performance of contract.

58. Defendant still has not properly acted, neither in favor nor against, the Plaintiff's submission of tender of payment.

59. Defendant is now threatening to repossess the vehicle of the Plaintiff if the Plaintiff does not make more payments to get the "balance" current.

60. Defendant believes they have an official right to repossess the Plaintiff's vehicle.

61. Plaintiff is in a nonrepayment status due to solid belief that the debt is reconciled as soon as the Defendant acts in accordance with the contract, and thus, Federal and Oklahoma Statutes.

62. Defendant is punishing Plaintiff for nonrepayment via continued collections attempts and escalation into repossession of Plaintiff's vehicle.

## IV.   Count Two – Violation of 15 U.S.C. §1692d – Harassment or Abuse

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

64. Defendant has made negative remarks on Plaintiff's credit report.

65. Defendant will be attempting repossession of Plaintiff's property without intervention from these proceedings.

66. Having the current remarks as well as the upcoming repossession on the credit report of the Plaintiff will SEVERELY damage his reputation.

67. The effect on the reputation is that the Plaintiff cannot, or will not, properly perform on contractual obligations.

68. Repossessing the vehicle will be considered theft due to the belief that the Defendant does not have the proper authority to do so.

69. 15 U.S.C. §1692d states that, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: **(1)** The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person."

70. Defendant's threat to repossess the vehicle, which is believed to be a criminal act, along with the damage to the Plaintiff's reputation, via credit report, are both tied to the reputation of the Plaintiff.

71. If the Defendant damages the vehicle in the repossession process, that may solidify the meeting of the conditions of 15 U.S.C. §1692d.

## V. Count Three – Violation of Oklahoma Statute 12A Regarding Negotiable Instruments.

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

73. Defendant refused tender of payment.

74. Defendant failed to discharge debt in accordance with 12A O.S. §12A-3-603.

75. Defendant proceeded in a manner that disregarded the tender of the negotiable instrument along with its letter of instruction, including a lack of acknowledgement that a tender of payment was even made.

76. Defendant failed to suspend the obligation of the Plaintiff in accordance with 12A O.S. §12A-3-310.

77. Defendant did not attempt to exchange the instrument tendered for Federal Reserve Notes per 12 U.S.C. §412 as instructed in the letter that accompanied the instrument.

78. Plaintiff informed Defendant that South Carolina Title 36 is that State's equivalent to the U.C.C.

79. South Carolina Title 36 carries the same legal weight in South Carolina that Oklahoma Statute 12A carries in Oklahoma.

80. South Carolina Title 36 and Oklahoma Statute 12A are extremely similar to the U.C.C. in language and structure.
81. South Carolina statutes were brought to the attention of the Defendant to further illustrate the proper course of action in the State where the correspondence was mailed to.
82. Plaintiff stated that Georgia Statutes, in particular Title 11, were cited due to the tender of payment being mailed there per the instructions on the draft.
83. Plaintiff cited as many of the State statutes that he thought necessary to show that the statutes still apply in spite of mostly citing the U.C.C. equivalents.
84. Plaintiff cited State statutes also because the U.C.C. is not a Federal Law.
85. All U.C.C. citations, South Carolina citations, and Georgia citations in the correspondence from the Plaintiff can be equated and cited in Oklahoma Statute 12A.

## *Certificate of Service*

____ I hereby certify that on (date) _____, I filed the attached document with the Clerk of Court. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

**☒** I hereby certify that on (date) January 31, 2025, I filed the attached document with the Clerk of Court and served the attached document by (service method) _____ on the following, who are not registered participants of the Electronic Case Filing System: (insert names and addresses)

Global Lending Services LLC
1200 Brookfield Blvd,
Suite 300
Greenville, SC 29607

_____
Signature