UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

CASE NO. 5:25-CV-00121-D

RAYMOND EUGENE BALDWIN III,

     Plaintiff,

v.

GLOBAL LENDING SERVICES, LLC,

     Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Defendant, GLOBAL LENDING SERVICES, LLC ("GLS"), by and through its undersigned counsel, respectfully requests that this Honorable Court dismiss Plaintiff RAYMOND EUGENE BALDWIN III's ("Plaintiff") claims with prejudice because Plaintiff's Amended Complaint, filed on January 31, 2025 (the "Complaint")[1], fails to articulate any valid legal theory against GLS and amending the Complaint would be futile.  In support of this relief, GLS states as follows:

### I.      INTRODUCTION

Plaintiff's claims arise from a contract and loan with GLS.  *See* Am. Compl. (ECF

---

[1] It should be noted that Plaintiff has not properly perfected service against GLS.  However, GLS moves to dismiss the Amended Complaint on the merits to resolve this matter quickly and efficiently.

#4) ¶¶ 3–6.  Plaintiff opened a loan account with GLS ending in #6308 and initially made timely payments on his loan.  *Id*. at ¶¶ 6–7.  In the Complaint, Plaintiff alleges that he conducted legal research on specific provisions of the Uniform Commercial Code ("UCC"), and on or about November 17, 2024, he tendered "an indorsed draft" and a "letter of instruction" to GLS.  *Id*. at ¶¶ 8–17.  Plaintiff does not attach this "indorsed draft" to the Complaint, nor does he offer details such as the indorsed draft's payor's identity.[2]  Plaintiff seemingly alleges that because GLS did not follow his "letter of instruction" or "properly dishonor the [indorsed draft]," that Plaintiff's debt should have been discharged pursuant to Oklahoma's governing UCC provisions.  *Id*. at ¶¶ 22, 29–31.  From these "factual" allegations, Plaintiff brings three "claims" against GLS[3], in connection with GLS's attempts to obtain payment from Plaintiff in connection with his loan account.  *Id*. at ¶¶ 23, 56, 76.

Plaintiff's Amended Complaint is not the model of clarity.  Although it contains several buzzwords and numerous Black's Law Dictionary Definitions, the Complaint does

---

[2] A copy of Plaintiff's purported "indorsed draft" and "letter of instruction" are attached hereto as **Composite Exhibit A**.  These documents are referenced in Plaintiff's Complaint and are central to his alleged "claims".  *See Francis v. APEX USA, Inc*., 406 F. Supp. 3d 1206, 1209 (W.D. Okla. 2019) ("Certain exceptions exist [to the rule that the court must exclude all material aside from the four corners of the pleadings when ruling on a motion to dismiss], and the court may consider: (1) documents attached to the complaint as exhibits; (2) ***documents referenced in the complaint that are central to the plaintiff's claims if the parties do not dispute the documents' authenticity***; and (3) matters of which the court may take judicial notice.") (context and emphasis added).  The so-called indorsed draft is merely a handwritten note on the return portion of a monthly bill to Plaintiff.

[3] Plaintiff identifies three Counts in his complaint—criminal extortion, violations of the Fair Debt Collection Practices Act, and violations of the Oklahoma UCC.

not articulate any valid theory of relief against GLS.  Instead, Plaintiff, a pro se litigant, seems to be advancing the discredited "vapor money" theory that is commonly adopted by "sovereign citizens."  Stripping away all of Plaintiff's ill-conceived assertions and beliefs, the Complaint is devoid of any facts that would articulate any cognizable claim against GLS.  Moreover, there are no amendments to the Complaint that could cure these fatal deficiencies.  Accordingly, the Court should dismiss all of Plaintiff's claims against GLS with prejudice.

## II.     <u>LEGAL STANDARD</u>

Fed. R. Civ. P. 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8. Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Even a pro se litigant must "provide allegations which are clear enough so that the opposing party and the court can discern a factual and legal basis for his claims." *David v. United States*, 849 Fed. Appx. 726, 728 (10th Cir. 2021) (affirming trial court's dismissal of pro se plaintiff's complaint").

A Fed. R. Civ. P. Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint and authorizes the dismissal of a complaint when there has been a failure to state a claim upon which relief can be granted.  To survive a motion to dismiss, a complaint must be pled in such a fashion as to show a plaintiff's entitlement to relief.  This "requires more than labels and conclusions[.]"  *Twombly*, 550 U.S. at 555 (2007).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," and must plead

"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. The Court's duty is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). Dismissal of a complaint is warranted when a plaintiff fails to plead a "cognizable legal theory to support [his] claims," and offers "no credible basis for [his] factual assertions[.]" *Jamison v. Smith's Food & Drug Centers, Inc*., 279 Fed. Appx. 723, 726 (10th Cir. 2008) (deeming claims not supported by a cognizable legal theory as frivolous and affirming dismissal of such claims.)

### III.    <u>ARGUMENT</u>

### A.    The Complaint Rests on an Unsupported "Nonsensical" Legal Theory

Plaintiff's claims appear to be based on the "vapor money" theory. This theory typically relies on the "convoluted and nonsensical argument that a plaintiff does not owe the money advanced by the lender on his loan because the indebtedness was not funded by the lender with actual money." *Tonea v. Bank of Am., N.A.*, 6 F. Supp. 3d 1331, 1344 (N.D. Ga. 2014). "The essence of the 'vapor money' theory is that promissory notes (and similar instruments) are the equivalent of 'money' that citizens literally 'create' with their signatures." *McLaughlin v. CitiMortg., Inc*., 726 F. Supp. 2d 201, 212 (D. Conn. 2010). Here, Plaintiff alleges that by sending GLS documents that he refers to as an "indorsed draft" and a "letter of instruction," he satisfied his debt under his GLS loan because he

created a "negotiable instrument" that could be "redeemed for Federal Reserve Notes." *See* ECF #4 at ¶¶ 12–22.

Unfortunately for Plaintiff, vapor money theory has been consistently rejected by federal courts in the Tenth Circuit and across the country as frivolous and nonsensical. *See Mercado v. Transp. Funding, LLC*, No. 2:23-CV-02052-HLT, 2025 WL 388661, at *3 (D. Kan. Feb. 4, 2025) ("Courts have summarily, universally, and rightly rejected this theory"); *Connell v. Wells Fargo Bank,* N.A., Civ. No. 10-3133, 2011 WL 4359979, at *2 (D. Minn. Sept. 19, 2011) (citing *Hennis v. Trustmark Bank*, Civ. No. 10-20, 2010 WL 1904860, at *5 (S.D. Miss. May 10, 2010) ("From coast to coast, claims that debts have been paid under the redemption theory . . . have been dismissed as frivolous.")); *Baker v. CitiMortg., Inc.*, Civ. No. 16-1103, 2016 WL 4697334, at *2 (D. Minn. Sept. 7, 2016) ("There is no legal authority that supports the 'vapor money' theory. Indeed, it has been repeatedly rejected as frivolous by courts across the country.") (collecting cases); *Thomas v. Servbank*, Civ. No. 23-223, 2023 WL 9226936, at *8 (S.D. Ala. Dec. 7, 2023) (dismissing with prejudice a case where claims are based on the "fundamentally frivolous" variation of the "redemptionist" legal theory, to which the "vapor money theory" is a corollary); *Barnes v. Citigroup Inc.*, Civ. No. 4:10-620, 2010 WL 2557508, at *2 (E.D. Mo. June 15, 2010) (noting that the "vapor money theory" has been rejected by federal courts across the country); K*napp v. Wings Credit Union, No*. CV 24-434 (DWF/ECW), 2024 WL 4774537 (D. Minn. Nov. 8, 2024) (collecting cases rejecting redemption or vapor money theory and calling it "frivolous and nonsensical"). Because Plaintiff's claims rest on a discredited legal theory that has been soundly rejected across the nation, the claims are frivolous and should

be dismissed.

**B.    Plaintiff's Individual Claims Fail to State a Claim Against GLS**

In addition to being founded on a bogus legal theory, the Complaint also fails to satisfy the elements of any of Plaintiff's individual claims.  While Plaintiff names three different statutes—18 U.S.C. § 894, 15 U.S.C. § 1692d, and Chapter 12A of the Oklahoma Statutes—as the purported grounds for his claims, Plaintiff fails to allege facts sufficient to state a claim for relief in each individual cause of action.

**i.    Count One Fails to State a Claim**

In Count One, Plaintiff cites 18 U.S.C. § 894, a provision from the U.S. Criminal Code.  This statute makes it a felony to use extortionate means "(1) to collect or attempt to collect any extension of credit, or (2) to punish any person for the nonrepayment thereof." 18 U.S. § 894 (a).  Extortionate means is defined as "any means which involves the use, or an express or implicit threat of use, of violence or other criminal means to cause harm to the person, reputation, or property of any person." 18 U.S.C. § 891(7). Nowhere in the Complaint does Plaintiff allege that GLS has threatened violence or acted criminally.[4] More importantly, there is no private right of action for a violation of 18 U.S.C. § 894.  *See Micheaux v. Am. Credit Acceptance*, No. 24-1102-DDC-BGS, 2024 WL 5262917, at *7 (D. Kan. Dec. 31, 2024) (explaining that 18 U.S.C. § 894 does not provide a private right of action, and that "claims under criminal statutes are 'not enforceable through a civil

---

[4] Plaintiff does allege that GLS's notices of repossession are "believed to be a criminal act" in Count Two but provides no meaningful grounds for this conclusory allegation. *See* ECF #4 at ¶ 70.

action[,]' so it is proper to dismiss those claims") (citing *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007)). Accordingly, Count One fails and must be dismissed.

### ii.    Count Two Fails to State a Claim

In Count Two, Plaintiff cites 15 U.S.C. § 1692d, a provision of the Fair Debt Collection Practices Act ("FDCPA") as the basis for his cause of action. To state a plausible FDCPA claim, a plaintiff must allege that (1) he is a "consumer" within the meaning of 15 U.S.C. § 1692a(3); (2) the debt at issue arises out of a transaction entered into primarily for personal, family, or household purposes [as required by § 1692a(5)]; (3) Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6); and (4) Defendant, through its acts or omissions, violated a provision of the FDCPA. *Hampton v. Barclays Bank Delaware*, 478 F. Supp. 3d 1113, 1152 (D. Kan. 2020), *aff'd*, No. 20-3175, 2021 WL 3237082 (10th Cir. July 30, 2021) (citations omitted); *accord Tavernaro v. Pioneer Credit Recovery, Inc.,* 43 F.4th 1062, 1067 (10th Cir. 2022). Count Two fails because Plaintiff does not and cannot allege the necessary elements to satisfy a proper claim for relief under the FDCPA.

In the Complaint, Plaintiff fails to allege *any* of the necessary elements to state a cause of action under the FDCPA. Although courts are to read pro se pleadings with liberality, they cannot "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. State of N.M.*, 113 F.3d 1170, 1175 (10th Cir. 1997). Here, even if Plaintiff had alleged that he was a consumer who acquired debt in connection with a transaction for personal, family, or household purposes —*and he did not allege this*—Plaintiff fails to allege that GLS is a

debt collector.  Indeed, he cannot allege this because a lender/creditor attempting to collect on their own debts is not a debt collector under the FDCPA.  *See Heidelberger v. Illinois River Ranch Recreational Vehicle Park Prop. Owners Ass'n, Inc*., No. 24-7056, 2025 WL 573824, at *3 (10th Cir. Feb. 21, 2025) (citing *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1209 (11th Cir. 2019)).  Furthermore, Plaintiff fails to allege any conduct by GLS that violates the FDCPA apart from his ungrounded "assumption[s]" and "belief[s]" that GLS "accepted" payment of his loan by failing to "properly dishonor" his so called *indorsed draft* and *letter of instruction*.  *See* ECF #4 at ¶¶ 19–20, 30–31, 68, 70. Plaintiff makes no allegations that he has been harassed or abused by GLS under the provisions of 15 U.S.C. § 1692d.  Instead, Plaintiff merely makes conclusory statements about how he may be impacted in the future if his vehicle is repossessed. *Id*. at ¶¶65–68, 70–71.   Count Two is accordingly doomed by Plaintiff's reliance on unrecognized legal theories and failure to plead sufficient facts to state a claim.  It must be dismissed.

### iii.     Count Three Fails to State a Claim

Finally, in Count Three, Plaintiff seemingly attempts to bring a claim under Article 3 of Oklahoma's UCC (governing negotiable instruments).  Plaintiff alleges that GLS (i) "refused tender of payment," (ii) failed to "discharge [Plaintiff's] debt in accordance with 12A O.S. § 12A-3-603," (iii) failed to "suspend the obligation of Plaintiff in accordance with 12A O.S. § 12A-3-310," and (iv) "did not attempt to exchange the instrument tendered for Federal Reserve Notes per 12 U.S.C. §412 as instructed . . ." *Id*. at ¶¶ 73–77.  Plaintiff wrongly construes Article 3 of the UCC so that GLS's refusal to recognize his so-called indorsed draft and letter of instruction operates as a discharge of his debt.  This tortured

8

reading of Article 3 is incorrect and frivolous. *See e.g., McGee v. Nissan Motor Acceptance Corp.*, 619 Fed. Appx. 555 (7th Cir. 2015) ("[plaintiff]'s complaint theorizes that, under the Uniform Commercial Code as adopted in Illinois, [defendant]'s refusal to recognize his bill of exchange operated as a discharge of the $13,009 debt . . . [plaintiff]'s claims are frivolous."). Furthermore, Plaintiff does not identify the relief that he seeks, even if GLS had violated a provision of the UCC—he merely concludes Count Three with a string of citations to statutes from other jurisdictions that he has deemed "equivalent" or "necessary." ECF #4 ¶¶ 78–85. Accordingly, Count Three is due to be dismissed for failure to state a claim.

### C.    Dismissal With Prejudice is Warranted

The Court should dismiss Plaintiff's Amended Complaint with prejudice because Plaintiff cannot amend the Complaint to cure the defects contained within. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under [Federal Rule of Civil Procedure] 12(b)(6) and granting leave to amend would be futile." (citation omitted)); *see also Tucker v. United States Court of Appeals for Tenth Circuit*, 815 Fed. Appx. 292 (10th Cir. 2020) (affirming orders dismissing frivolous claims with prejudice). Because Plaintiff's claims are all grounded in a roundly rejected and frivolous legal theory, his Amended Complaint should be dismissed with prejudice.

### <u>CONCLUSION</u>

**WHEREFORE,** For the reasons set forth above, this Court should grant GLS's motion to dismiss Plaintiff's Amended Complaint, in its entirety, without leave to amend.

Dated March 24, 2025                    Respectfully submitted,

                                        HOLLAND & KNIGHT LLP


                                        */s/ Gemma R. Galeoto*
                                        Gemma R. Galeoto
                                        Oklahoma Federal Bar No. 16128
                                        Gemma.Galeoto@hklaw.com
                                        **HOLLAND & KNIGHT LLP**
                                        One Arts Plaza
                                        1722 Routh Street, Suite 1500
                                        Dallas, TX  75201
                                        (214) 964-9500 (telephone)
                                        (214) 964-9501 (facsimile)

                                        *Attorneys for Defendant*


<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on March 24, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified to receive electronically Notices of Electronic Filing and via U.S. mail to plaintiff at the following address:

Raymond Eugene Baldwin III
300 Showalter Drive
Midwest City, OK 73110


                                        */s/ Gemma R. Galeoto*
                                        Gemma R. Galeoto