**United States District Court**

**Western District of Oklahoma**

FILED

APR 1 4 2025

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

RAYMOND EUGENE BALDWIN, III,

    Plaintiff,

v.

    Case No. 5:25-CV-00121-D

GLOBAL LENDING SERVICES, LLC,

    Defendant.

---

## RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff RAYMOND EUGENE BALDWIN, III, proceeding pro se, respectfully submits this Response in Opposition to Defendant's Motion to Dismiss. For the reasons stated below, the Plaintiff requests that the Court Deny the Motion to Dismiss.

### A. Introduction

The following sections are divided into relevant points of discussion and objections that pertain to the other matters in the Defendant's filed response and motion. It is also important to note that the Defendant's Counsel did NOT address ALL elements of the claim. Doing so would have alleviated any doubts or concerns about the cause of action. The issues addressed below will be in order in which the Defense has presented them.

### B. On the "Failure to Articulate a Valid Legal Theory"

The overshadowing issue is the Defendant's disregard for policy, procedure, rules, statute, and/or laws. They did not properly respond to the instrument submitted in November of 2024. They were to either honor or dishonor the instrument pursuant to Oklahoma Statute 12A. They did neither. This action was considered a refusal and was supposed to discharge the debt back then, pursuant to the same statute. If they wanted to dishonor the instrument, they were to do so per that statute at that time. The "Legal Theory" is that they failed to follow the rules and laws in which they were contractually obligated to follow. They have proceeded with the assumption that the instrument tendered was "vapor money theory" and action on it was not necessary. It absolutely was. Since the Defense did not follow those statutes, their actions after that induced the cause of action for the claim presented. The amended claim was submitted to correct typographical errors and eliminate redundancies in the elements outlined.

## C. <u>On the References to the U.C.C.</u>

The U.C.C. (Uniform Commercial Code) was cited and used as a central point for information presented to the Defendant. The Plaintiff was unsure about which State statute the Defendant operated under. This is evident by the Plaintiff citing multiple State statutes that present the same information. For the purposes of these proceedings, the Plaintiff preferred to use Oklahoma Statute 12A due to it being the contractually applicable statute.

## D. <u>On the Documents Referenced in Defendant's Response.</u>

The draft, correspondence, and other documents were not submitted with the initial complaint due to it not being necessary at the time. Any and all evidence to

substantiate the claims would have been entered into the proceedings when appropriate. The initial claim is just a factual allegation. This means that the Plaintiff intends to prove the items contained within it at a later time.

As per the questioning of the instrument submitted, it is a negotiable instrument per 12A O.S. §12A-3-104. Specifically, §12A-3-104(a) defines it as a negotiable instrument, and §12A-3-104(e) defines it as a draft. It was an unconditional order to pay GLS a balance due. The special indorsement was made per §12A-3-205. The footnote on Page 2 of Docket Item 7 addresses, "documents referenced in the complaint that are central to the plaintiff's claims if the parties do not dispute the documents' authenticity" but does not actually dispute the document's authenticity clearly. Again, the intent of the Plaintiff was to clearly prove the allegations in the appropriate phase of the proceedings.

### E. On the Vapor Money and Sovereign Citizen Comments.

The "vapor money theory" referenced is not the issue at hand. The Plaintiff, herein, is outlining the performance of the Defendant regarding how they did not follow the statutes that they themselves have stated that they were bound to. If the Defendant had PROPERLY DISHONORED the instrument tendered, then the current circumstances would be different. The failure of the Defendant to understand this is where the Claim originates. At the point in which the instrument was refused, they were to discharge the debt as per 12A O.S. §12A-3-603(b). This is regardless of whether they consider the tendered instrument to be "vapor money theory" or other such notions. The Defendant refused the tender, and therefore must discharge the debt. The relating of the Plaintiff to "Sovereign Citizens" is taken as a slanderous and disrespectful notion. The Plaintiff

would gladly submit validation of his U.S. Citizenship to discredit this association. In short, the Defendant could have disputed the instrument back in November of 2024 by properly dishonoring it for the same reasons they are asserting. Because they did not, their availability of action is limited by Oklahoma Statute 12A, which carries the weight of Law, versus the U.C.C. that is commonly used in this scenario. Since they did not discharge the debt appropriately, their continued attempts to collect on a debt are misplaced and deemed inappropriate.

## F. On the Topic of Clarity.

The elements of the Claim were clear and concise. The highlighted headings indicated the counts in which relief was requested, and each count was "a short and plain statement of the claim showing that the pleader is entitled to relief" per Fed. R. Civ. P. 8. The structuring of the Claim was deliberate to ensure that the Defense could easily follow and reference the individual items under each count in question. It was expected that the Defendant would address each element individually to ensure there was no discrepancy between the parties. The Plaintiff expected each lined item to be either affirmed, denied, or remarked as unknown. Doing so would have given the Court a clear picture of the case from a broader perspective and allowed the proceedings to move forward. The subsequent documents that will be filed after this should fill the "showing" requirement of Fed. R. Civ. P. 8. The Defense asserted that, "...the Complaint is devoid of any facts that would articulate any cognizable claim against GLS." Dismissing the Case voids any opportunity for the Plaintiff to prove otherwise. The demand for the relief sought was

clearly outlined in the Relief section of the Initial Claim. It was then updated on the Amended Claim.

### G. On the Notion of Lack of Facts.

The Plaintiff is fully prepared to submit all evidence in his possession to substantiate the claims. He was merely waiting for a proper response from the Defense. Subsequent documents will be submitted, and served to the Defense, which will alleviate the concerns of the Defense.

### H. On the Defense's Arguments.

The initial statements in that section of the Motion hang up on the "vapor money" argument. As mentioned before, this is a non-issue at this phase. The main complaint is that GLS has not followed the statutes that they are contractually, and admittedly, bound to. The Defense's "vapor money" argument is irrelevant at this point in time. Their compliance, or lack thereof, is the concern and cause for these actions. The facts alleged have yet to be proven through these proceedings. The alleged facts are sufficient to state a claim. It is presumed by the Plaintiff that this Court will be able to settle the Parties' differences of opinion.

The Count One argument on behalf of the Defense is solid. The Plaintiff was only able to locate their actions in 18 USC §894. No other statute has been found, at this time, that addresses the actions themselves. This is not saying that they don't exist. It is merely to point out that the Plaintiff has not found the actions in any other statute or case law YET. There are other case law examples of such a condition being examined, but those have not yet been determined to apply at this time. The Plaintiff asks this Court to

allow for continued research by NOT dismissing this count.  While the Defense noted

that claims under criminal statutes are not enforceable in civil proceedings, the actions

that inspired this count did cause severe mental stress on the Plaintiff as well as his

personal relationships.  That mental stress was the motivation to bring that count into the

Claim.  The Plaintiff is at the mercy of the court to let that count stand versus be

dismissed.

The concerns around Count Two seem valid at face value.  If the phone records of

GLS are allowed into discovery, then they will prove the harassment element that the

Defense mentioned.  The terms "assumption" and "belief" were used due the Plaintiff not

having access to the records, including recordings, of the phone calls and attempts to call,

that GLS would have.  Those pieces of evidence would be brought out in discovery.  The

next concern is that the Defendant is not a debt collector, as they stated.  The Defense

cited "*Heidelberger v. Illinois River Ranch Recreational Vehicle Park Prop. Owners

Ass'n, Inc.*, No. 24-7056, 2025 WL 573824, at *3 (10th Cir. Feb. 21, 2025) (citing *Pinson

v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1209 (11th Cir. 2019))" as their

point of argument.  While the Plaintiff recognizes that they are not a traditional debt

collector by statute, the Plaintiff may still be proven to be protected from their actions

under the FDCPA.  Relevant case law is still being researched to see where the elements

themselves would prevail in spite of the wording of the count itself.

The remarks and ideas for Count Three are also due a response.  The "alleged

indorsed draft" the Defense refers to is, by definition, a negotiable instrument.  The

Defense is misleading in their interpretation of the statute.  The negotiable instrument

does NOT operate as a discharge, as per the case law they cited. The Defendant's ACTION REGARDING IT merely defaulted to a discharge being the appropriate remedy. The Plaintiff identified it as "tender of payment" in the letter of instruction. That declaration was not false, nor itself disputed. As such, the Defendant had an obligation to honor, or dishonor, the tendered payment. They could have easily dishonored it per 12A O.S. §§12A-3-501 through 505. The issue is that they did not properly follow the process. The Plaintiff recognizes the reasoning for defending it in the manner attempted, but the defense is misguided in its application. The case law referenced is incorrectly applied as submitted. At face value, it is questionable as to the citations for the other responses as well. For these reasons, the Plaintiff asks that the Court NOT dismiss this count either.

## I. Additional Remarks.

The "several buzzwords and numerous Black's Law Dictionary Definitions" warrant an explanation. They were included with the intent of several other Counts that the Plaintiff alleged. Upon reviewing those Counts, the Plaintiff decided not to pursue them due to a lack of evidence to substantiate them. The Plaintiff left those elements in the claim for their factual nature and potential to further explain actions by both parties. Though they may not directly apply at this point, they were left in to accommodate future reference if needed. These will all be addressed in a subsequent filing.

The Plaintiff is continuing to look at other case law that would further support his Claim. These actions, along with the ones alleged, are an attempt to hold the Defense accountable for their actions that warranted the Plaintiff's Claim. These proceedings may

redefine which elements of that Claim actually apply, but that is for the Court to decide. The Defense has shown a habit of not following the laws and statutes that apply, as alleged by the Plaintiff, through the total of the individual elements. This pattern will be further explored in subsequent filings. The next item for the Docket submitted will be in greater detail and will include supporting evidence of the Amended Claim. It was not the intent of the Plaintiff to submit said evidence out of proper order of this Court. It will be filed, after proper service, in order to appease the Defense's perception of the lack thereof. They will be served and filed as soon as the editing is completed. This entry into the Court is to ensure deadlines are met.

## J. **Afterthought**

There are factual allegations still up for dispute that would need to be resolved. It is apparent that both Parties stand firm in their positions. It is the hope of the Plaintiff that the proceedings be allowed to continue. The Plaintiff is even open to a Stay of the Motion To Dismiss to allow for submission of a subsequent filing, should the Court agree and see such action as the most appropriate one. As noted, that entry is in the editing process and should be served and filed very soon after this entry.

## **Conclusion**

**WHEREFORE,** for the reasons set forth above, this Court should DENY the Defense's Motion To Dismiss, in whole or in part, without leave to amend.

Dated April 8, 2025

Respectfully Submitted,

/s/ Raymond Eugene Baldwin, III

RAYMOND EUGENE BALDWIN III

Pro Se Litigant

300 Showalter Dr.

Midwest City, OK 73110

atomiccontrol@gmail.com

(405) 517-5803

Department of Defense occupation may not allow phone calls in certain scenarios.  For

this reason, text message or email is preferred contact method.